# Exhibit A

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| SARAH ANN LOSAPIO, Individually, and on behalf of a class of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
|  | ) Civil Action File No.: 2010CV 191107 |
| vs. | ) ) |
| COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, COMCAST CABLE COMMUNICATIONS HOLDING, INC., COMCAST CABLE HOLDINGS, LLC, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC. | ) ) ) ) ) ) ) |
| Defendants, | ) ) |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Joshua A. Millican
Law Office of Joshua A. Millican, P.C.
44 Broad Street NW, Suite 607
Atlanta, Georgia 30303

an answer to the complaint which is herewith served upon you, within 30 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2010

Clerk of Superior Court

By _____
Deputy Clerk



**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

SARAH ANN LOSAPIO, Individually, and on
behalf of a class of all others similarly situated,

     Plaintiffs,

vs.

COMCAST CORPORATION, COMCAST
CABLE COMMUNICATIONS, LLC,
COMCAST CABLE COMMUNICATIONS
HOLDING, INC., COMCAST CABLE
HOLDINGS, LLC, and COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC.

     Defendants,

Civil Action File No.: 2010 CV 191107

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

FILED IN OFFICE

SEP 1 7 2010

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## COMPLAINT – CLASS ACTION

Plaintiff Sarah Ann Losapio ("Plaintiff"), on behalf of herself individually and a class of all others similarly situated, bring this action against Comcast Corporation, Comcast Cable Communications, LLC, Comcast Cable Communications Holdings, Inc., Comcast Cable Holdings, LLC, and Comcast Cable Communications Management, LLC (collectively "Comcast" or "Defendants")) for violations of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* ("SCA") and the federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*

### PRELIMINARY STATEMENT

1.   This is a class action lawsuit, brought by, and on behalf of, a nationwide class of individuals whose privacy rights were violated by Comcast's willful violations of the SCA and Wiretap Act and their prohibitions against voluntary disclosure of subscribers' private data and

information.

2.      Comcast disclosed private data regarding Comcast High Speed Internet subscribers available to law enforcement without the subscribers' knowledge or authorization and without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act. The impermissibly disclosed private data included some or all of the following: name, address, date of birth, gender, length of service including start date, telephone number, instrument number or other customer number or identity, including a temporarily assigned network address, email account names, the content of email communications, billing information including bank or credit card numbers, and other Internet Protocol (IP) address information.

3.      Comcast's unlawful disclosure of private subscriber data violates subscribers' rights under the SCA, the federal Wiretap Act and constitutes a breach of contract.

4.      Plaintiff seeks monetary damages, including statutory damages, punitive damages, equitable relief, attorneys' fees and expenses of litigation on behalf of herself and members of the class.

## PARTIES, JURISDICTION AND VENUE

5.      Plaintiff Sarah Ann Losapio is a resident of the State of Georgia and a Comcast High Speed Internet Subscriber. On or about May 26, 2009, Plaintiff had her private subscriber information and data disclosed by Comcast to law enforcement without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act.

6.      Defendant Comcast Corporation is a Pennsylvania corporation that does business and operates in the State of Georgia. Comcast Corporation may be properly served through its

registered agent of service, Corporation Process Company at 2180 Satellite Boulevard, Suite 400, Duluth, Georgia 30097.

7.      Defendant Comcast Corporation is subject to the jurisdiction of this Court and venue is proper.

8.      Defendant Comcast Cable Communications, LLC is an indirect wholly owned subsidiary of Comcast Corporation. It does business and operates in the State of Georgia and Comcast Cable Communications, LLC, may be properly served through its registered agent of service, Corporation Process Company at 2180 Satellite Boulevard, Suite 400, Duluth, Georgia 30097.

9.      Defendant Comcast Cable Communications, LLC is subject to the jurisdiction of this Court and venue is proper.

10.     Defendant Comcast Cable Communications Holdings, Inc. is a Delaware corporation, formerly known as AT&T Broadband Corp., and is a wholly owned subsidiary of Comcast Corporation. It does business and operates in the State of Georgia and may properly be served through its registered agent of service, Corporation Process Company at 2180 Satellite Boulevard, Suite 400, Duluth, Georgia 30097.

11.     Defendant Comcast Cable Communications Holdings, Inc. is subject to the jurisdiction of this Court and venue is proper.

12.     Defendant Comcast Cable Holdings, LLC, is a Delaware limited liability company, formerly known as AT&T Broadband, LLC, which is a wholly owned subsidiary of Comcast Cable Communications Holdings, Inc. It does business and operates in the State of Georgia and may be properly served through its registered agent of service, Corporation Process

Company at 2180 Satellite Boulevard, Suite 400, Duluth, Georgia 30097.

13.     Defendant Comcast Cable Holdings, LLC is subject to the jurisdiction of this Court and venue is proper.

14.     Defendant Comcast Cable Communications Management, LLC, is a Delaware limited liability company with its principal place of business in Philadelphia, Pennsylvania. It does business and operates in the State of Georgia and may be properly served through its registered agent of service, Corporation Process Company at 2180 Satellite Boulevard, Suite 400, Duluth, Georgia 30097.

15.     Defendant Comcast Cable Communications Management, LLC is subject to the jurisdiction of this Court and venue is proper.

16.     This Court has subject matter jurisdiction over this action and venue is proper.

## STATEMENT OF FACTS

17.     Comcast is the nation's leading provider of cable services, offering a variety of entertainment, information and communication services to residential and commercial customers. As of December 31, 2008, its cable systems served approximately 24.2 million video customers, 14.9 million high speed internet customers and 6.5 million phone customers and passed over 50.6 million homes in 39 states and the District of Columbia.

18.     The SCA is sometimes referred to as the Electronic Communications Privacy Act. The SCA was included as Title II of the Electronic Communications Privacy Act of 1986 ("ECPA"), but the ECPA itself also included amendments to the Wiretap Act.

19.     These federal laws sets forth a system of statutory privacy rights for customers

and subscribers of computer internet service providers, such as Comcast.

20.  The Comcast Customer Privacy Notice attached hereto as Exhibit A and incorporated herein by reference, sets forth the rights of a subscriber to Comcast's cable service, high speed internet or phone services concerning the collection, protection and disclosure of a subscriber's private information and data as required by law and by Comcast's applicable privacy policies.

21.  Comcast claims to protect subscriber privacy as required by law and applicable privacy policies but that it may be required to assist law enforcement in their criminal investigations in compliance with the terms of a valid legal process such as a subpoena, court order, or search warrant.

22.  Comcast's Legal Process Response Center has two (2) groups which handle legal compliance: (1) The Legal Demands Center – Data; and (2) legal Demands Center – Voice and Video.  In particular, the Legal Demands Center - Data is located in Moorestown, New Jersey and is responsible for legal compliance matters involving Comcast High Speed Internet.

23.  Although Comcast claims to conform with the strict requirements of the applicable federal statutes when releasing private subscriber information and data, Comcast routinely and unlawfully accepts as valid legal process, facsimile transmissions of search warrants signed by state magistrates and other state judges.

24.  Search warrants signed by state magistrates and other state judges have no force and effect outside of the state of issuance, and when faxed or sent out of state, said search warrants are not deemed issued by a court of competent jurisdiction.

25.  Comcast's disclosure of a subscriber's private information and data in response to

a state search warrant is improper, violative of federal privacy laws, and a breach of contract.

## CLASS ACTION ALLEGATIONS

26.    Plaintiff brings this action on behalf of all persons in the United States, who are or were High Speed Internet subscribers of Comcast and have had private data or information regarding their Comcast accounts made available to law enforcement, without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act and in violation of the Comcast's agreement with its subscribers as set forth in the Comcast Customer Privacy Notice, at any time from January 1, 2006, to the present (the "Class"). The "Class Period" is from January 1, 2006, to the present.

27.    The members of the Class are so numerous that joinder of all members is impracticable. Plaintiff believes the Class contains many thousands of members, and the actual number of Class members can be ascertained through discovery and Comcast's computerized and other records.

28.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. The common questions and common issues include, but are not limited to: whether Comcast made available to law enforcement private data or information regarding the Class and their Comcast accounts; whether Comcast made available to law enforcement private data or information regarding the Class and their Comcast accounts without a valid legal process such as a subpoena, court order, or search warrant; whether Comcast made available to law enforcement private data or information regarding the Class and their Comcast accounts without a valid search warrant;

whether by committing these acts and omissions Comcast violated federal and state laws; what private data or information was disclosed by Comcast to law enforcement and how; and whether class members are entitled to injunctive, declarative and monetary relief as a result of Comcast's conduct.

29.     Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other members of the Class each sustained damages arising out of Comcast's wrongful conduct as complained of herein. Plaintiff is or was a High Speed Internet subscriber of Comcast who had private data and information regarding her Comcast accounts made available to law enforcement without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act.

30.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and complex litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

31.     Class action status in this action is warranted under O.C.G.A. § 9-11-23(b)(1)(B) because prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede their ability to protect their interests.

32.     Class action status is also warranted under the other subsections of O.C.G.A. § 9-11-23(b) because: (i) prosecution of separate actions by the members of the Class would create a risk of establishing incompatible standards of conduct for Defendants; (ii) Comcast acted or

refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole; and (iii) Comcast has and continues to disclose private data and information to law enforcement without the users' knowledge or authorization and without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act. Accordingly, declaratory and injunctive relief that prevents Comcast from continuing to make said impermissible disclosures of private data and information to law is appropriate on a class wide basis.

33.     Questions of law or fact common to members of the Class predominate over any questions affecting only individual members of the Class.

34.     A class action is a superior method of adjudicating the Class members' claims because individual actions would unnecessarily burden the Court and create the risk of inconsistent results.

35.     Given the significant expense required to prosecute the foregoing claims against Comcast, the costs of individual actions would exceed or consume the amount recovered in any individual action. The expense of pursuing individual actions will require individual members of the Class to forego their individual claims against Comcast if they are not permitted to pursue those claims as a Class.

36.     Plaintiff is not aware of any litigation concerning this controversy that has already been initiated by or against any members of this Class.

37.     Plaintiff anticipates no extraordinary or unusual difficulty in the management of this litigation that would preclude its maintenance as a class action because the evidence proving

the disclosure of private data and information to law enforcement without the users' knowledge or authorization and without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act is ascertainable through discovery; the identities of the Class members are known to Comcast; and damages, including the applicable statutory damages, can be calculated to a reasonable certainty through expert testimony.

## COUNT ONE

### (Stored Communications Act, 18 U.S.C. § 2701 *et seq.*)

38.     Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39.     The Stored Communications Act, 18 U.S.C. §§ 2701-2712 ("SCA") sets forth a system of statutory privacy rights for customers and subscribers of computer network service providers.

40.     18 U.S.C § 2702 regulates voluntary disclosure by network service providers of customer communications and records, including specific prohibitions.

41.     In relevant part, 18 U.S.C § 2702(a)(1) provides: "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage on that service."

42.     In relevant part, 18 U.S.C § 2702(a)(2) provides: "a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service."

43.     18 U.S.C. § 2703 articulates the steps that federal and state law enforcement officers must follow to compel providers to disclose the content of stored wire or electronic

communications and other information such as account records and basic subscriber and session information.

44.     Pursuant to 18 U.S.C. § 2703(c)(1)(A), a law enforcement officer can compel disclosure after obtaining a warrant issued by a court of competent jurisdiction.

45.     Search warrants, however, signed by state magistrates and other state judges have no force and effect outside of the state of issuance, and therefore those search warrants are not issued by a court of competent jurisdiction.

46.     Comcast's disclosure of a subscriber's private information and data in response to a state search warrant is improper and violative of the SCA.

47.     By disclosing subscriber, account and Internet Protocol ("IP") address information in response to a state search warrant that has no force and effect outside of the state of issuance, Comcast knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications while those communications were maintained  in electronic storage in violation of 18 U.S.C. §2702(a)(1).

48.     Comcast provides remote computing services to the public as defined in 18 U.S.C. § 2711(2) because it provides computer storage or processing services by means of an electronic communications system

49.     Comcast carries and maintains its subscribers' private information and data, contact lists, email communications, website posts and other IP address information on behalf of the subscriber or customer of such high speed internet service.

50.     Comcast carries and maintains some of its subscribers' private information and data, contact lists, email communications, website posts and other IP address information solely

for the purpose of providing storage and computer processing services to its users. Comcast is not authorized to access this information for purposes other than providing storage and computer processing.

51.     By engaging in the foregoing acts and omissions, Comcast knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications that are carried and maintained by Comcast on behalf of, and received by transmission from, subscribers of Comcast's high speed internet service in violation of 18 U.S.C. § 2702(a)(2).

52.     Comcast's knowing, willful, unlawful, and intentional disclosure of the contents of communications that are carried and maintained by Comcast on behalf of, and received by transmission from, subscribers of Comcast's high speed internet service, were not made pursuant to any exceptions to the prohibitions against disclosure as set forth in 18 U.S.C. § 2702(b).

53. Comcast also engaged in the foregoing acts and omissions without obtaining a warrant issued by a court of competent jurisdiction as required by 18 U.S.C. § 2703(c)(1)(A).

54.     None of the foregoing acts and omissions taken by Comcast are were permissible pursuant to any exceptions to the prohibition against disclosure as set forth in 18 U.S.C. § 2702(b).

55.     None of the foregoing acts and omissions taken by Comcast are based on a good faith reliance on anything as to constitute a complete defense to this civil action as provided in 18 U.S.C. § 2707(e).

56.     Because of the foregoing violations, Plaintiff, on behalf of herself and the class, is entitled to appropriate relief, including preliminary and other equitable or declaratory relief as this court may deem appropriate pursuant to18 U.S.C. § 2707(b)(1).

57.     Plaintiff, on behalf of herself and the class, is entitled to a reasonable attorneys' fees and other litigation costs reasonably incurred as provided by 18 U.S.C. § 2707(b)(3).

58.     Plaintiff on behalf of herself and the class is entitled to recover monetary damages including actual damages, and statutory damages in the amount of not less than $1,000.00 per class member as provided by 18 U.S.C. § 2707(c).

59.     Because Comcast's violations were willful and intentional, plaintiff on behalf of herself and the class is entitled to recover punitive damages as provided by 18 U.S.C. § 2707(c).

## COUNT TWO

## (Wiretap Act, 18 U.S.C. § 2510 *et seq.*)

60.     Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

61.     Comcast's subscribers' contact lists, email communications, website posts and other IP address information are electronic communications within the meaning of 18 U.S.C. § 2510(12).

62.     By disclosing subscribers' private information and data, contact lists, email communications, website posts and other IP address information to law enforcement without a warrant issued by a court of competent jurisdiction, Comcast knowingly, willfully, unlawfully, intentionally and without authorization  intercepted and disclosed electronic communications in violation of 18 U.S.C. § 2511(1)(a) & (c).

63.     By disclosing subscribers' private information and data, contact lists, email communications, website posts and other IP address information to law enforcement without a warrant issued by a court of competent jurisdiction, Comcast knowingly, willfully, unlawfully,

intentionally and without authorization divulged the contents of communications on Comcast's internet service to persons other than the intended recipients in violation of 18 U.S.C. § 2511(3)(a).

64.     Comcast is not a party to any of the above-mentioned communications, nor have any of the parties to the communications given prior consent to Comcast's interception or divulging of those communications as defined by 18 U.S.C. § 2511(2)(d).

65.     Comcast engaged in the foregoing acts and omissions without first obtaining a warrant issued by a court of competent jurisdiction.

66.     None of the foregoing acts and omissions taken by Comcast were permissible pursuant to any exceptions to the prohibition against disclosure as set forth in 18 U.S.C. § 2511(2).

67.     None of the foregoing acts and omissions taken by Comcast were based on a good faith reliance on valid legal process or anything else as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2520(d).

68.     Because of the foregoing violations, Plaintiff, on behalf of herself and the class, is entitled to appropriate relief, including preliminary and other equitable or declaratory relief as this court may deem appropriate Pursuant to 18 U.S.C. § 2520(b)(1).

69.     Because Comcast's violations were willful and intentional, Plaintiff, on behalf of herself and the class, is entitled to recover punitive damages as provided by 18 U.S.C. § 2520(b)(2).

70.     Plaintiff, on behalf of herself and the class, is entitled to reasonable attorneys' fees and other litigation costs reasonably incurred as provided by 18 U.S.C. § 2520(b)(3).

71.     Plaintiff, on behalf of herself and the class, is entitled to recover monetary damages including actual damages,  and statutory damages in the amount of not less than $10,000.00 per class member as provided by 18 U.S.C. § 2520(c)(2).

## COUNT THREE

### (Breach of Contract)

72.     Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the allegations contained in paragraphs 1 through 71 as if fully set forth herein.

73.     Comcast has entered into an agreement with its subscribers regarding the disclosure of its subscribers' private information and data, which is set forth in the Comcast Customer Privacy Notice (the "Agreement").

74.     The Agreement sets forth the rights of a subscriber to Comcast's cable service, high speed internet or phone services concerning the collection, protection and disclosure of a subscriber's private information and data as required by law and by Comcast's applicable privacy policies.  Plaintiff and the Class were the intended beneficiaries of such agreement.

75.     Comcast breached the Agreement by disclosing subscriber's private information and data to law enforcement without compliance with the terms of a valid legal process such as a subpoena, court order, or search warrant.

76.     As a beneficiary of the Agreement with Comcast, Plaintiff, on behalf of herself and the Class, asserts this breach of contract claim against Comcast.

77.     Comcast is liable to Plaintiff and members of the Class for the damages resulting from said unlawful disclosures in violation of the Agreement during the Class Period, plus prejudgment interest and any other relief ordered by the Court.

78.     All conditions precedent to bringing this Count have been completed, performed and/or waived.

## COUNT FOUR

### (Breach of Implied Duty of Good Faith and Fair Dealing)

79.     Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the allegations contained in paragraphs 1 through 78 as if fully set forth herein.

80.     Every contract implies a covenant or duty of good faith and fair dealing in the performance of the agreement and its enforcement, including Comcast's agreement with its subscribers regarding the disclosure of its subscribers' private information and data, which is set forth in the Comcast Customer Privacy Notice.

81.     Under the duty of good faith and fair dealing, both parties to a contract impliedly promise to perform their promises and provide such cooperation as is required for the other party's performance.

82.     Under the duty of good faith and fair dealing, both parties to a contract impliedly promise compliance with the spirit, and not merely the letter, of a contract.

83.     Plaintiff and the Class reasonably relied on Comcast to comply with its duty of good faith and fair dealing with regard to the terms of the Agreement.

84.     The Agreement is a form contract, the terms of which are deemed to have been accepted once Comcast provides any cable service or other service to a subscriber. The Agreement purports to notify Comcast subscribers of Comcast's agreement with subscribers regarding the collection and disclosure of its subscribers' private information and data.

85.     Comcast has a duty to exercise good faith in its protection of its subscribers' private information and data by requiring valid legal process prior to disclosure of its subscribers' private information and data.

86.     Comcast breached its implied duty of good faith and fair dealing by exercising bad faith in automatically and unlawfully accepting as valid legal process, facsimile transmissions of search warrants signed by state magistrates and other state judges, which have no force and effect outside of the state of issuance,

87.     Comcast is liable to Plaintiff and members of the Class for the damages resulting from said breach of implied duty of good faith and fair dealing during the Class Period, plus prejudgment interest and any other relief ordered by the Court.

88.     All conditions precedent to bringing this Count have been completed, performed and/or waived.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment and grant the following relief to Plaintiff and the Class:

(a)     That the Court certify this action as a class action under O.C.G.A. § 9-11-23 with respect to the Plaintiff's claims for damages and other relief, and declaring Plaintiff as representative of the Class and her counsel as counsel for the Class;

(b)     An award of monetary damages including actual damages, and statutory damages in the amount of not less than $1,000.00 per class member as provided by 18 U.S.C. § 2707(c);

(c)     An award of monetary damages including actual damages, and statutory damages

in the amount of not less than $10,000.00 per class member as provided by 18 U.S.C. § 2520(c)(2);

(d)     Declaratory and injunctive relief as this court may deem appropriate. 18 U.S.C. § 2707(b)(1);

(e)     An award of punitive damages in an amount to be determined by the enlightened conscience of an impartial jury;

(f)     An award of monetary damages including actual damages for breach of contract.

(g)     An award of reasonable attorneys' fees and costs of litigation;

(h)     Pre-judgment interest and post-judgment interest as provided by law; and

(i)     All such other and further relief allowed by law and as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

**[Signature on following page]**

Dated: September 17th, 2010

Respectfully submitted,

LAW OFFICE OF JOSHUA A. MILLICAN, P.C.

Joshua A. Millican
Georgia Bar No. 508998
The Grant Building
Suite 607
44 Broad Street, N.W.
Atlanta, GA 30303
Telephone: (404) 522-1152
Facsimile: (404) 522-1133


MORGESE LAW FIRM
Anthony J. Morgese
Georgia Bar No. 523430
3233 S. Cherokee Lane
Building 1000
Woodstock, GA 30188
Telephone: (770) 517-6711
Facsimile: (770) 517-6715

**Counsel for Plaintiff**

**EXHIBIT A**

# COMCAST CUSTOMER PRIVACY NOTICE
## FOR CABLE TELEVISION, HIGH-SPEED INTERNET, AND PHONE SERVICES

**Why is Comcast providing this notice to me?**

As a subscriber to cable service or other services provided by Comcast, you are entitled
under Section 631 of the federal Cable Communications Policy Act of 1984, as amended,
(the "Cable Act") to know the following:

- the limitations imposed by the Cable Act upon cable operators in the collection and
  disclosure of personally identifiable information about subscribers;
- the nature of personally identifiable information we collect;
- the nature of the use of personally identifiable information;
- under what conditions and circumstances we may disclose personally identifiable
  information and to whom;
- the period during which we maintain personally identifiable information;
- the times and place at which you may have access to your personally identifiable
  information; and
- your rights under the Cable Act concerning personally identifiable information and
  its collection and disclosure.

Personally identifiable information is information that identifies a particular person; it does
not include aggregate data that does not identify a particular person or persons. This notice
is also provided to you in accordance with applicable California law, which only applies to
our customers located in California who are served by a cable television corporation.

In addition, Section 702 of the federal Telecommunications Act of 1996, as amended, (the
"Telecommunications Act") provides additional privacy protections for certain information
related to our phone services:

- information about the quantity, technical configuration, type, destination, location,
  and amount of your use of the phone services; and
- information contained on your telephone bill concerning the phone services you
  receive.

That phone information, when matched to your name, address, and telephone number is
known as customer proprietary network information or CPNI for short. This notice, which
includes our CPNI Policy, describes what CPNI information we obtain, how we protect it,
and how it may be used. If you are a customer of our phone services, you have the right,
and Comcast has a duty, under the Telecommunications Act, to protect the confidentiality
of CPNI. We will also honor any restrictions applied by state law, to the extent applicable.
WE EXPLAIN BELOW UNDER "HOW DO I GIVE OR WITHHOLD MY APPROVAL FOR
COMCAST TO USE CPNI TO MARKET ADDITIONAL PRODUCTS AND SERVICES TO ME?"
HOW YOU CAN APPROVE OUR USE OF CPNI OR WITHDRAW YOUR APPROVAL.

**Special Note:** Our CPNI Policy applies to the communications-related services provided by Comcast Business Communications, Comcast Digital Phone, Comcast Digital Voice, and Comcast Long Distance.

In this notice, the terms "Comcast," "we," "us," or "our" refer to the operating company subsidiary or subsidiaries of Comcast Corporation that (i) owns and/or operates the cable television system in your area pursuant to a cable television franchise with the local franchising authority, or (ii) is operating in your area as Comcast Business Communications, Comcast Digital Phone, Comcast Long Distance, or Comcast Digital Voice. The term "you" refers to you as a subscriber to one or more of our cable service and other services.

## I. Collection

### What kind of information does this notice apply to?

The Cable Act applies to personally identifiable information that you have furnished to Comcast, or that Comcast has collected using the cable system, in connection with the provision of cable service or other services. The Telecommunications Act applies to CPNI related to our regulated phone services, and certain orders of the Federal Communications Commission apply the CPNI rules to our interconnected voice over Internet protocol communications services. This notice applies to our cable television service, our high-speed Internet service, and our phone services as provided for by applicable law and except as otherwise noted.

**Special Note:** This notice only covers information that is collected by Comcast in connection with the provision of our cable television service, our high-speed Internet service, and our phone services to you as a subscriber to one or more of these services. It does not cover information that may be collected through any other products, services, or websites, even if accessed through our services and even if co-branded with them. You should read the privacy policies for these other products, services, and websites to learn how they handle your personal information.

### For what purposes may Comcast collect personally identifiable information and CPNI?

The Cable Act authorizes Comcast as a cable operator to use the cable system to collect personally identifiable information concerning any subscriber for the following purposes:

- in order to obtain information necessary to render our cable service or other services to our subscribers; and
- to detect unauthorized reception of cable communications.

The Cable Act prohibits us from using the cable system to collect personally identifiable information concerning any subscriber for any purposes other than those listed above without the subscriber's prior written or electronic consent.

2

The Telecommunications Act authorizes us to use, disclose, or permit access to individually identifiable CPNI in our provision of:

- the telecommunications service from which this information is derived; or
- services necessary to, or used in, the provision of these services, including the publishing of directories.

The Telecommunications Act prohibits us from using CPNI for any purposes other than those listed above except as permitted or required by law or with your approval.

**What kind of personally identifiable information and CPNI does Comcast collect?**

Comcast collects information from you at several different points when you initiate and use our services. Some of this information is personally identifiable information, but much of it is not. We collect certain personally identifiable information that our subscribers furnish to us in connection with the provision of cable service or other services. In order to provide reliable, high quality service to you, we keep regular business records containing information about you that may constitute personally identifiable information. These records include some, but typically not all, of the following information:

- your name;
- service address;
- billing address;
- e-mail address;
- telephone number;
- driver's license number;
- social security number;
- bank account number;
- credit card number; and
- other similar account information.

With respect to phone services, examples of CPNI include information typically available from telephone-related details on your monthly bill, such as:

- location of service;
- technical configuration of service;
- type of service;
- quantity of service;
- amount of use of service;
- calling patterns; and
- other information contained on your bill for local and long distance services.

CPNI does not include your name, address, and telephone number, because the Telecommunications Act classifies that information as "subscriber list information" which

3

is not subject to the protections applicable to CPNI. However, that information is also subject to certain protections as described below under "To whom may Comcast disclose personally identifiable information?"

We also collect and maintain certain other information about your account. For example, this information may include:

- billing, payment, and deposit history;
- additional service information;
- customer correspondence and communications records;
- maintenance and complaint information;
- records indicating the number of television sets, set-top boxes, modems, or telephones connected to our cable system; and
- additional information about the service options you have chosen.

Some of our services permit you to establish secondary accounts, and if you do so we collect similar information in order to establish and service the secondary accounts. During the initial provisioning of our services, and during any subsequent changes or updates to our services, Comcast may collect technical information about your televisions, any set-top boxes, computer hardware and software, cable modems, telephones, and/or other cable or other service-related devices, and customization settings and preferences. Additionally, if you rent your residence, we may have a record of whether landlord permission was required prior to installing our cable facilities as well as your landlord's name and address.

**What kind of information do you collect if I use interactive or transactional services or television viewing controls?**

When you use our interactive or other transactional services such as video on demand, for example, our systems may automatically collect certain information about your use of these services. Most of this information is not personally identifiable information and it is simply used, for example, to carry out a particular request you make using your remote control, set-top box, or other equipment. This may include information required to change your television channel, review listings in an electronic program guide, pause or fast forward through certain on demand programs, or invoke a calling feature, among other things. It may also include other information such as the time you actually use our services and the use of other features of our services, and which menus and menu screens are used most often and the time spent using them.

In order to carry out a particular request you make to watch a pay-per-view program or purchase a product, service, or feature, for example, our system may collect certain personally identifiable information. This information typically consists of account and billing-related information such as the pay-per-view programs or other products, services, or features ordered so that you may be properly billed for them. Follow your program guide commands or any special instructions on your video screen when you make these

4

transactional requests. These commands and instructions will explain your choices so that you can complete or cancel your requests as you wish.

**What kind of information do you collect and use to improve your cable services and deliver relevant advertising?**

Our cable systems may collect anonymous and/or aggregate information using set-top boxes and other equipment. We use this information to determine which programs are most popular, how many people watch a program to its conclusion, and whether people are watching commercials, for example. As described below under "How does Comcast use personally identifiable information and CPNI?", we may provide subscriber lists or certain anonymous and/or aggregate information to third parties working on our behalf such as audience measurement or market research firms, for example. These firms may combine this information with other aggregated or non-aggregated demographic information (such as census records) to provide us with audience analysis data though we will require them to remove personally identifiable information about our subscribers from this data. We use this information to improve our cable television service and other services and make programming and advertising more relevant to our subscribers. We may also use this information to distribute and deliver relevant programming and advertising to you without disclosing personally identifiable information about you to programmers or advertisers. In addition to this privacy notice, we may provide additional notices to you regarding specific advertising or other initiatives. These notices will describe the initiatives in greater detail and may, as appropriate, contain information you can use to choose to participate, or not participate, in these initiatives.

## II. Use

**How does Comcast use personally identifiable information and CPNI?**

We collect, maintain, and use personally identifiable information and CPNI as permitted by the Cable Act and the Telecommunications Act and other applicable laws. We use this information primarily to conduct business activities related to providing you with our cable service and other services, and to help us detect theft of service. Generally speaking, we use personally identifiable information in connection with:

- billing and invoicing;
- administration;
- surveys;
- collection of fees and charges;
- marketing;
- service delivery and customization;
- maintenance and operations;
- technical support;
- hardware and software upgrades; and
- fraud prevention.

5

More specifically, we also use personally identifiable information to:

- install, configure, operate, provide, support, and maintain our cable service and other services;
- confirm you are receiving the level(s) of service requested and are properly billed;
- identify you when changes are made to your account or services;
- make you aware of new products or services that may be of interest to you;
- understand the use of, and identify improvements to, our services;
- detect unauthorized reception, use, or abuse of our services;
- determine whether there are violations of any applicable policies and terms of service;
- manage the network supporting our services;
- configure cable service and other service-related devices; and
- comply with law.

The Telecommunications Act further permits Comcast to use, disclose, and permit access to CPNI obtained from our customers, either directly or indirectly, to:

- initiate, render, bill, and collect for telecommunications services;
- protect our rights and property, and protect our users of these services and other carriers from fraudulent, abusive, or unlawful use of, or subscription to, these services;
- provide any inbound telemarketing, referral, or administrative services to you for the duration of the call, if you initiated the call and you approve of the use of this information to provide these services; and
- to provide call location information concerning the user of a commercial mobile phone service.

With respect to phone services, unless we obtain your approval in accordance with our policies described below under "How do I give or withhold my approval for Comcast to use CPNI to market additional products and services to me?" Comcast may not use CPNI to market products and services to you other than the phone services.

Comcast transmits, and may collect and store for a period of time, personally identifiable and non-personally identifiable information about you when you use our high-speed Internet and phone services to:

- send and receive e-mail, video mail, and instant messages;
- transfer and share files;
- make files accessible;
- visit websites;
- place or receive calls;
- leave and receive voice mail messages;
- use the SmartZone Communications Center or Comcast Digital Voice Center, as applicable;

6

- establish custom settings or preferences;
- communicate with us for support; or
- otherwise use the services and their features.

Our transmission, collection, and storage of this information is necessary to render the services. In certain situations, third-party service providers may transmit, collect, and store this information on our behalf to provide features of our services. These third parties are not permitted to use your personally identifiable information except for the purpose of providing these features.

We may also combine personally identifiable information, which we collect as described in this notice as part of our regular business records, with personally identifiable information obtained from third parties for the purpose of creating an enhanced database or business records. We may use this database and these business records in marketing and other activities related to our cable service and other services. We also maintain records of research concerning subscriber satisfaction and viewing habits, which are obtained from subscriber interviews and questionnaires.

### III. Disclosure

**Under what circumstances may Comcast disclose personally identifiable information to others?**

Comcast considers the personally identifiable information contained in our business records to be confidential. The Cable Act authorizes Comcast as a cable operator to disclose personally identifiable information concerning any subscriber for the following purposes if the disclosure is:

- necessary to render, or conduct a legitimate business activity related to, the cable service or other services provided to the subscriber;
- required by law or legal process (described below under "When is Comcast required by law to disclose personally identifiable information and CPNI by law?"); or
- of the names and addresses of subscribers for "mailing list" or other purposes (subject to each subscriber's right to prohibit or limit this disclosure and the CPNI Policy described below under "How do I place myself on Comcast's 'do not call' and 'do not mail' lists?").

The Cable Act prohibits us from disclosing personally identifiable information concerning any subscriber for any purposes other than those listed above without the subscriber's prior written or electronic consent.

**To whom may Comcast disclose personally identifiable information?**

We may disclose personally identifiable information as provided for in the Cable Act when it is necessary to render, or conduct a legitimate business activity related to, the cable

7

service or other services we provide to you.  These kinds of disclosures typically involve billing and collections, administration, surveys, marketing, service delivery and customization, maintenance and operations, and fraud prevention, for example.  We may also collect, use, and disclose information about you in non-personally identifiable or aggregate formats, such as ratings surveys and service usage and other statistical reports, which do not personally identify you, your particular viewing habits, or the nature of any transaction you have made over the cable system.  The frequency of any disclosure of personally identifiable information varies in accordance with our business needs and activities.

The Cable Act authorizes Comcast as a cable operator to disclose limited personally identifiable information to others, such as charities, marketing organizations, or other businesses, for cable or non-cable "mailing list" or other purposes.  From time to time we may disclose your name and address for these purposes.  However, you have the right to prohibit or limit this kind of disclosure by contacting us by telephone at 1-800-COMCAST or by sending us a written request as described below under "How do I contact Comcast?"  Any "mailing list" and related disclosures that we may make are limited by the Cable Act to disclosures of subscriber names and addresses where the disclosures do not reveal, directly or indirectly, (i) the extent of any viewing or other use by the subscriber of a cable service or other service provided by us; or (ii) the nature of any transaction made by the subscriber over our cable system.

We may sometimes disclose personally identifiable information about you to our affiliates or to others who work for us.  We may also disclose personally identifiable information about you to outside auditors, professional advisors, service providers and vendors, potential business merger, acquisition, or sale partners, and regulators.  We make these disclosures as provided for in the Cable Act.  Typically, we make these disclosures when the disclosure is necessary to render, or conduct a legitimate business activity related to, the cable service or other services we provide to you.  We may be required by law or legal process to disclose certain personally identifiable information about you to lawyers and parties in connection with litigation and to law enforcement personnel.
If we (or our parent company) enter into a merger, acquisition, or sale of all or a portion of our assets, subscribers' personally identifiable information will, in most instances, be one of the items transferred as part of the transaction.  If this notice will be changed as a result of a transaction like that, you should refer below under "Will Comcast notify me if it changes this notice?"

We may also use or disclose personally identifiable information about you without your consent to protect our customers, employees, or property, in emergency situations, to enforce our rights under our terms of service and policies, in court or elsewhere, and as otherwise permitted by law.

**When may Comcast disclose personal information to others in connection with phone service?**

Comcast may disclose to others personally identifiable information in connection with features and services such as Caller ID, 911/E911, and directory services as follows:

- We may transmit your name and/or telephone number to be displayed on a Caller ID device unless you have elected to block such information. Please note that Caller ID blocking may not prevent the display of your name and/or telephone number when you dial certain business or emergency numbers, 911, 900 numbers, or toll-free 800, 888, 877, or 866 numbers.
- We may provide your name, address, and telephone number to public safety authorities and their vendors for inclusion in E911 databases and records, inclusion in "reverse 911" systems, or to troubleshoot 911/E911 record errors.
- We may publish and distribute, or cause to be published and distributed, telephone directories in print, on the Internet, and on disks. Those telephone directories may include subscriber names, addresses, and telephone numbers, without restriction to their use.
- We may also make subscriber names, addresses, and telephone numbers available, or cause such subscriber information to be made available, through directory assistance operators.
- We may provide subscribers' names, addresses, and telephone numbers to unaffiliated directory publishers and directory assistance providers for their use in creating directories and offering directory assistance services.
- Once our subscribers' names, addresses, and telephone numbers appear in telephone directories or directory assistance, they may be sorted, packaged, repackaged and made available again in different formats by anyone.

We take reasonable precautions to ensure that non-published and unlisted numbers are not included in our telephone directories or directory assistance services, but we cannot guarantee that errors will never occur.

**When is Comcast required by law to disclose personally identifiable information and CPNI?**

We make every reasonable effort to protect subscriber privacy as described in this notice. Nevertheless, we may be required by law to disclose personally identifiable information or individually identifiable CPNI about a subscriber. These disclosures may be made with or without the subscriber's consent, and with or without notice, in compliance with the terms of valid legal process such as a subpoena, court order, or search warrant.

For subscribers to our cable television service, the Cable Act requires Comcast as a cable operator to disclose personally identifiable information to a third-party or governmental entity in response to a court order. If the court order is sought by a non-governmental entity, we are required to notify the subscriber of the court order. If the court order is sought by a governmental entity, the Cable Act requires that the cable subscriber be afforded the opportunity to appear and contest in a court proceeding relevant to the court order any claims made in support of the court order. At the proceeding, the Cable Act requires the governmental entity to offer clear and convincing evidence that the subject of

9

the information is reasonably suspected of engaging in criminal activity and that the information sought would be material evidence in the case.

For subscribers to our high-speed Internet and phone services, the Cable Act requires Comcast to disclose personally identifiable information and individually identifiable CPNI to a private third party in response to a court order, and we are required to notify the subscriber of the court order. The Cable Act requires us to disclose personally identifiable information and individually identifiable CPNI about subscribers to high-speed Internet and phone services to a government entity in response to a subpoena, court order, or search warrant, for example. We are usually prohibited from notifying the subscriber of any disclosure of personally identifiable information to a government entity by the terms of the subpoena, court order, or search warrant.

### How does Comcast protect personally identifiable information?

We follow industry-standard practices to take such actions as are necessary to prevent unauthorized access to personally identifiable information by a person other than the subscriber or us. However, we cannot guarantee that these practices will prevent every unauthorized attempt to access, use, or disclose personally identifiable information.

### How long does Comcast maintain personally identifiable information?

Comcast maintains personally identifiable information about you in our regular business records while you are a subscriber to our cable service or other services. We also maintain this information for a period of time after you are no longer a subscriber if the information is necessary for the purposes for which it was collected or to satisfy legal requirements. These purposes typically include business, legal, or tax purposes. If these purposes no longer apply, we will destroy the information according to our internal policies and procedures.

### IV. Customer Access and Choice

### How can I see my personally identifiable information or CPNI and correct it, if necessary?

You may examine and correct, if necessary, the personally identifiable information regarding you that is collected and maintained by Comcast in our regular business records. In most cases, the personally identifiable information contained in these records consists solely of billing and account information. We will correct our records if you make a reasonable showing that any of the personally identifiable information we have collected about you is inaccurate.

If you have Internet access, you can view and change certain information yourself as follows:

- For accounts you have established at the Comcast.com website, use the Sign In or My Account (or similar) feature at www.comcast.com;
- For high-speed Internet accounts, use the Sign In or My Account (or similar) feature at www.comcast.net;
- For Comcast Digital Voice accounts, use the SmartZone Communications Center or Comcast Digital Voice Center, as applicable, using the Sign In or My Account (or similar) feature at www.comcast.net/digitalvoicecenter.

You may also examine the records containing your personally identifiable information at your local Comcast office upon reasonable prior notice to us and during our regular business hours. If you wish to examine these records, please contact us by mail or telephone at 1-800-COMCAST, giving us a reasonable period of time to locate and, if necessary, prepare the information for review, and to arrange an appointment. You will only be permitted to examine records that contain personally identifiable information about your account and no other account.

If you make an affirmative, written request for a copy of your CPNI, we will disclose the relevant information we have to you at your account address of record, or to any person authorized by you, if we reasonably believe the request is valid. However, subscribers to our phone services should be aware that we generally do not provide them with records of any inbound or outbound calls or other records that we don't furnish in the ordinary course of business (for example, as part of a bill) or which are available only from our archives, without valid legal process such as a court order. In addition, we cannot correct any errors in customer names, addresses, or telephone numbers appearing in, or omitted from, our or our vendors' directory lists until the next available publication of those directory lists. Further, we may have no control over information appearing in the directory lists or directory assistance services of directory publishers or directory assistance providers which are not owned by us or our subsidiaries.

Comcast reserves the right to charge you for the cost of retrieving and photocopying any documents that you request.

**How do I give or withhold my approval for Comcast to use CPNI to market additional products and services to me?**

In addition to Comcast Digital Phone and Comcast Digital Voice, various direct and indirect subsidiaries of Comcast Corporation offer many communications-related services, such as Comcast High-Speed Internet services. From time to time we would like to use the CPNI information we have on file to provide you with information about our communications-related products and services or special promotions. Our use of CPNI may also enhance our ability to offer products and services tailored to your specific needs.

We would like your approval so that we, our agents, affiliates, joint venture partners, and independent contractors may use this CPNI to let you know about communications-related services other than those to which you currently subscribe that we believe may be of

interest to you.  IF YOU APPROVE, YOU MUST AFFIRMATIVELY TELL US BY OPTING IN TO THIS USE OF CPNI.  You may approve (and later deny or withdraw a prior approval) our right to use your CPNI for this purpose by calling the numbers listed below.  Our CPNI Policy contained in this notice is effective December 8, 2007.

| Service | Call this Number |
|---|---|
| Comcast Digital Phone & Comcast Digital Voice | 1-800-COMCAST |
| Comcast Business Communications & Comcast Long Distance | 1-888-262-7300 |

Comcast also offers various other services that are not related to the services to which you subscribe.  Under CPNI rules, some of those services, such as Comcast cable television services, are considered to be non-communications related products and services.  Occasionally, you may be asked during a telephone call with one of our representatives for your oral consent to Comcast's use of your CPNI for the purpose of providing you with an offer for non-communications related products and services.  If you provide your oral consent for Comcast to do so, Comcast may use your CPNI only for the duration of that telephone call in order to offer you additional services.

If you deny or restrict your approval for us to use your CPNI, you will suffer no effect, now or in the future, on how we provide any services to which you subscribe.  Any denial or restriction of your approval remains valid until your services are discontinued or you affirmatively revoke or limit such approval or denial.

### How do I place myself on Comcast's "do not call" and "do not mail" lists?

You may contact Comcast at 1-800-COMCAST to ask us to put your name on our internal company "do not call" and "do not mail" lists so that you do not receive marketing or promotional telephone calls or postal mail from us or made at our request.  You also have the right to prohibit or limit disclosure of your personally identifiable information for "mailing list" or other purposes as described above in this notice by contacting us at 1-800-COMCAST.

Comcast's use of your account information for marketing and promotional activities is also subject to your right to limit or restrict us from making those offers as described above in "How do I give or withhold my approval for Comcast to use CPNI to market additional products and services to me?" in this notice.

If you prefer to contact Comcast in writing instead of by telephone, you may send a written request to the address listed below under "How do I contact Comcast?".  Be sure to include your name and address, your Comcast account number, and a daytime telephone number where you can be reached in the event we have any questions about your request.  The written request should be signed by the person who is identified in our billing records as the subscriber.  If you have a joint account, a request by one party will apply to the entire

12

account. If you have multiple accounts, your notice must separately identify each account covered by the request.

**What e-mail communications will Comcast send to me and how do I manage them?**

We may send a welcome e-mail and sometimes other information to new subscribers to our cable service and other services (including each new secondary account holder, where applicable). We may also send service-related announcements to our subscribers from time to time. For example, we may send you an e-mail announcement about a pricing change, a change in operating policies, a service appointment, or new features of one or more of the cable service or other services you receive from us. You may not opt-out of these service-related communications. If you fail to check your primary e-mail address for service-related announcements, you may miss important information about our services, including legal notices, for example.

We reserve the right to send you promotional or commercial e-mail as permitted by applicable law. You can manage the promotional or commercial e-mails Comcast may send to you by following the instructions contained in the e-mails or by going to the web page located at www.comcast.com/preferences and following the directions there. We may ask for additional information on this preferences page such as your zip code, for example. By providing this additional information to us we will be able to better inform you of the availability of special offers and promotions in your area. If you no longer wish to receive these e-mails you may opt-out of receiving them by going to the same page and changing your contact preferences.

**What can I do if I think my privacy rights have been violated?**

If you believe that you have been aggrieved by any act of ours in violation of the Cable Act, we encourage you to contact us directly as described below in "How do I contact Comcast?" in order to resolve your question or concern. You may also enforce the limitations imposed on us by the Cable Act as applicable with respect to your personally identifiable information through a civil lawsuit seeking damages, attorneys fees, and litigation costs. Other rights and remedies may be available to you under federal or other applicable laws as well.

**Will Comcast notify me if it changes this notice?**

As required by the Cable Act, we will provide you with a copy of this customer privacy notice at the time we enter into an agreement to provide any cable service or other service to you, and annually afterwards, or as otherwise permitted by law. You can view the most current version of this notice by going to www.comcast.com, searching for "privacy policy," and selecting the appropriate link.

We may modify this notice at any time. We will notify you of any material changes through written, electronic, or other means and as otherwise permitted by law. If you find the changes to this notice unacceptable, you have the right to cancel your service. If you

13

continue to use the service following notice of the changes, we will consider that to be your acceptance of and consent to the changes in the revised privacy notice. This includes your consent for any personally identifiable information that we may collect and use starting on the effective date of the revised notice, as well as for any personally identifiable information that we have collected prior to the effective date of the revised notice. However, we will only consider your continued use of the service to be your acceptance of and consent to changes in the revised privacy notice for changes made after December 31, 2006.

**How do I contact Comcast?**

If you have any questions or suggestions regarding this privacy notice, or wish to contact us about your personal information, please reach us as follows:

| | |
|---|---|
| Phone: | 1-800-COMCAST |
| Web site: | www.askcomcast.com/contactus.asp |
| Mail: | Comcast Cable Communications, LLC |
| | Attn: Law Department - Customer Privacy Notice |
| | One Comcast Center |
| | Philadelphia, PA 19103-2838 |

Revised and effective: January 1, 2009

 **CT Corporation**

**Service of Process Transmittal**
09/23/2010
CT Log Number 517326950

**TO:**   Rosemarie Pierce
Comcast Corporation
1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
Philadelphia, PA 19103

**RE:**   **Process Served in Georgia**

**FOR:**   Comcast Cable Communications Management, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sarah Losapio, Individually and on behalf of a class of all others similarly situated, Pltf. vs. Comcast Corporation, et al. including Comcast Cable Communications Management, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit |
| **COURT/AGENCY:** | Superior Court of Fulton County, GA<br>Case # 2010CV-191107 |
| **NATURE OF ACTION:** | Breach of Contract - Comcast breached the agreement by disclosing subscriber's private information and data to law enforcement without compliance with the terms of a valid legal process |
| **ON WHOM PROCESS WAS SERVED:** | Corporation Process Company, Duluth, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/23/2010 at 14:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Joshua A. Millican<br>Law Office of Joshua A. Millican<br>44 Broad Street NW<br>Suite 607<br>Atlanta, GA 30303 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/23/2010, Expected Purge Date: 09/28/2010<br>Image SOP |
| **SIGNED:** | Corporation Process Company |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 2180 Satellite Blvd<br>Duluth, GA 30097 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of  1 / BS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# General Civil Case Filing Information Form (Non-Domestic)

**Court**
☑ **Superior**
☐ **State**

County Fulton

Docket # `2010CV191107`

Date Filed 09/17/2010
MM-DD-YYYY

## Plaintiff(s)
Losapio Sarah Ann

Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

**No. of Plaintiffs** 1

## Defendant(s)
Comcast Corporation

Last   First   Middle I. Suffix Prefix   Maiden

Comcast Cable Communications, LLC

Last   First   Middle I. Suffix Prefix   Maiden

Comcast Cable Communications Holding, Inc.

Last   First   Middle I. Suffix Prefix   Maiden

Comcast Cable Holdings, LLC

Last   First   Middle I. Suffix Prefix   Maiden

**No. of Defendants** 5

## Plaintiff/Petitioner's Attorney        ☐ Pro Se

Millican Joshua

Last                First              Middle I.    Suffix

Bar # 508998

**FILED IN OFFICE**
SEP 17 2010
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

---

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☑ Other General Civil Specify class action

---

### If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

_____

**Are Punitive Damages Pleaded?** ☑ Yes  ☐ No



IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

SARAH ANN LOSAPIO, etc.

                    Plaintiff,

vs.

COMCAST CORPORATION, et al.

                    Defendant.

CIVIL ACTION
CASE NO.: 2010CV191107

**FILED IN OFFICE**

SEP 27 2010

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## AFFIDAVIT OF SERVICE

COMES NOW, DENNIS W. NOWIK, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and, being sworn on oath,

deposes and states as follows:

1.

I served COMCAST CABLE HOLDINGS, LLC with the below-listed documents in this matter, in the below-described manner,

at 2180 SATELLITE BLVD, 400, DULUTH, GA 30097,

on September 23, 2010, at 2:00 PM:

SUMMONS/COMPLAINT

Said documents were served by handing to LINDA BANKS, CPC Process Specialist.

2.

DENNIS W. NOWIK
Attorneys' Personal Services, Inc.

Sworn to and subscribed
before me this the 24th day
of September, 2010.

Notary Public

Notary Public, Cobb County, Georgia
My Commission Expires June 4, 2011



IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

SARAH ANN LOSAPIO, etc.

           Plaintiff,

vs.

COMCAST CORPORATION, et al.

           Defendant.

CIVIL ACTION
CASE NO.: 2010CV191107

FILED IN OFFICE

SEP 27 2010

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## AFFIDAVIT OF SERVICE

COMES NOW, DENNIS W. NOWIK, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and, being sworn on oath,

deposes and states as follows:

1.

I served COMCAST COMMUNICATIONS HOLDING, INC. with the below-listed documents in this matter, in the below-described manner,

at 2180 SATELLITE BLVD, 400, DULUTH, GA 30097,

on September 23, 2010, at 2:00 PM:

### SUMMONS/COMPLAINT

Said documents were served by handing to LINDA BANKS, CPC Process Specialist.

2.

DENNIS W. NOWIK
Attorneys' Personal Services, Inc.

Sworn to and subscribed
before me this the 24th day
of September, 2010.

Notary Public

Notary Public, Cobb County, Georgia
My Commission Expires June 4, 2011



IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

SARAH ANN LOSAPIO, etc.

          Plaintiff,

vs.

COMCAST CORPORATION, et al.

          Defendant.

CIVIL ACTION
CASE NO.: 2010CV191107

**FILED IN OFFICE**
SEP 27 2010
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

### AFFIDAVIT OF SERVICE

COMES NOW, DENNIS W. NOWIK, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and, being sworn on oath,

deposes and states as follows:

1.

I served COMCAST CABLE COMMUNICATIONS, LLC with the below-listed documents in this matter, in the below-described manner,

at 2180 SATELLITE BLVD, 400, DULUTH, GA 30097,

on September 23, 2010, at 2:00 PM:

#### SUMMONS/COMPLAINT

Said documents were served by handing to LINDA BANKS, CPC Process Specialist.

2.

 

DENNIS W. NOWIK
Attorneys' Personal Services, Inc.

Sworn to and subscribed
before me this the 24th day
of September, 2010.

Notary Public

Notary Public, Cobb County, Georgia
My Commission Expires June 4, 2011



IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

SARAH ANN LOSAPIO, etc.

    Plaintiff,

vs.

COMCAST CORPORATION, et al.

    Defendant.

CIVIL ACTION
CASE NO.: 2010CV191107

### AFFIDAVIT OF SERVICE

COMES NOW, DENNIS W. NOWIK, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and, being sworn on oath,

deposes and states as follows:

1.

I served COMCAST CORPORATION with the below-listed documents in this matter, in the below-described manner,

at 2180 SATELLITE BLVD, STE 400, DULUTH, GA 30097,

on September 23, 2010, at 2:00 P.M:

### SUMMONS/COMPLAINT

Said documents were served by handing to LINDA BANKS, CPC Process Specialist.

2.

DENNIS W. NOWIK
Attorneys' Personal Services, Inc.

Sworn to and subscribed
before me this the 24th day
of September, 2010

Notary Public

Notary Public, Cobb County, Ga
My Commission Expires June 4, 2011

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA



SARAH ANN LOSAPIO, etc.

                    Plaintiff,

vs.                                                  CIVIL ACTION
                                                     CASE NO.: 2010CV191107
COMCAST CORPORATION, et al.

                    Defendant.

### AFFIDAVIT OF SERVICE

COMES NOW, DENNIS W. NOWIK, a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and, being sworn on oath,

deposes and states as follows:

1.

I served COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC with the below-listed documents in
this matter, in the below-described manner,

at 2180 SATELLITE BLVD, 400, DULUTH, GA 30097,

on September 23, 2010, at 2:00 PM:

SUMMONS/COMPLAINT

Said documents were served by handing to LINDA BANKS, CPC Process Specialist.

2.

DENNIS W. NOWIK
Attorneys' Personal Services, Inc.

Sworn to and subscribed
before me this the 24th day
of September, 2010.

Notary Public

Notary Public, Cobb County, Georgia
My Commission Expires, June 1

Notary Public, Cobb County, Georgia
My Commission Expires June 4, 2011